IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:13-CR-30270-NJR-1 |
| PHILLIP W. SMITH, | |
| Defendant. | |

## ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Authorize Payment from Inmate Trust Account filed by the United States of America. (Doc. 71). The Government seeks an order, pursuant to 18 U.S.C. §§ 3613(a), 3664(k), and 3664(n), authorizing the Bureau of Prisons (BOP) to turn over to the Clerk of Court non-exempt funds held in the inmate trust account of Defendant Phillip W. Smith. The funds would be applied as payment toward the criminal monetary penalties imposed in this case.

In support of its motion, the Government states that on October 10, 2014, the Court sentenced Smith to 300 months' imprisonment and five years of supervised release. (Doc. 50). The Court also ordered Smith to pay a special assessment of $300 and restitution in the amount of $4,417. To date, however, Smith has not paid the special assessment or any restitution. On February 26, 2021, the Government was informed that Smith had a balance of $2,073.11 in his inmate trust account. The Government requested that the BOP freeze $1,461.01 of those funds for payment toward Smith's outstanding criminal monetary penalties.

In response to the Government's motion, Smith states that a counselor never uploaded his criminal monetary penalties so that a payment plan could be established. (Doc. 72). Rather than taking the lump sum, Smith asks the Court to allow him the opportunity to pay his obligations through a payment plan. (*Id.*). On April 30, 2021, the Court spoke with Counselor Graham at USP Thomson, who confirmed that Smith recently transferred to Thomson and, upon reviewing his paperwork, it became clear that Smith's former counselor never added the restitution charges to Smith's account. Before he could place Smith on a payment plan, however, the freeze on his trust fund account was instituted. Counselor Graham further explained that, once the freeze is lifted, Smith will begin paying restitution through a payment plan.

The Court notes that Smith's projected release date is April 12, 2036; thus, even modest monthly payments will pay off his debt well before his release date. The Court further finds that Smith's failure to pay restitution is the result of an oversight by the BOP and not because of any action taken by Smith. For these reasons, the Government's Motion to Authorize Payment from Inmate Trust Account (Doc. 71) is **DENIED**. The Government is **ORDERED** to direct the BOP to lift the freeze on Smith's inmate trust fund account so that restitution payments may be made according to a payment plan.

**IT IS SO ORDERED.**

DATED:   April 30, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**