IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        **Plaintiff,**

v.

PHILLIP W. SMITH,

        **Defendant.**

Case No. 3:13-CR-30270-NJR-1

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on a Motion for Reduction in Fine Payments filed by Defendant Phillip Smith. (Doc. 78). Smith states that he is struggling to make his restitution payments under his current payment plan, which recently increased to $87 monthly from $25 quarterly. (*Id.*). He asks the Court to set his payment back to $25 quarterly, which will allow him to avoid further financial distress. (*Id.*).

    The Court, however, is not responsible for collecting restitution imposed by a judgment. The Seventh Circuit Court of Appeals has explained that the Attorney General, not the courts, is "responsible for collection of an unpaid fine or restitution imposed by a judgment, 18 U.S.C. § 3612(c), and he has delegated his authority to the Bureau of Prisons, 18 U.S.C. § 4042(a)(1), which created the Inmate Financial Responsibility Program (IFRP) to facilitate collection. This delegation is proper." *In re Buddhi*, 658 F.3d 740, 742 (7th Cir. 2011) (citation omitted). Furthermore, "courts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate particulars about a

prisoner's meal schedule or recreation . . . ." *Id.* (quoting *United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008)).

Under the IFRP, the Bureau of Prisons assists an inmate in developing a financial plan for meeting his or her financial obligations. 28 C.F.R. § 545.10. When developing the inmate's plan, the unit staff is to consider both "institution resources or non-institution (community) resources," excluding $75 a month deposited into the inmate's trust fund account. *Id.* at § 545.11(b). Although the Seventh Circuit has held that inmates' participation in the IFPR is voluntary, there are significant consequences that may result from a prisoner's decision not to participate in the program. *United States v. McKnight*, 665 F.3d 786, 795 (7th Cir. 2011); *United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010); 28 C.F.R. § 545.11(d) (listing consequences).

Here, the Court ordered Smith to pay restitution of $4,417 in equal monthly installments of $50 or 10 percent of his net monthly income, whichever is greater (Doc. 50). Those payments, until Smith is released, "should be handled through the Inmate Financial Responsibility Program rather the court's auspices." *Sawyer*, 521 F.3d at 796. Because the Court has no authority to set a payment schedule, his Motion for Reduction in Fine Payments (Doc. 78) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   September 23, 2025

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**